UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES  DIVISION

| | |
|---|---|
| **EDGAR ENRIQUE MORENO-ORTIZ** **A 20842171/9802** | **CIVIL ACTION NO. 07-1178** **SECTION P** |
| **VS.** | **JUDGE DOHERTY** |
| **ALBERTO GONZALES, ET AL.** | **MAGISTRATE JUDGE METHVIN** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on July 12, 2007, by *pro se* petitioner Edgar Enrique Moreno-Ortiz.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (DHS/ICE).  He is presently detained at the Federal Detention Center, Oakdale, Louisiana awaiting removal to his native country, Colombia.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner is a native and citizen of Colombia.  He was initially deported from the United States on August 30, 1979.  Thereafter, he illegally re-entered the United States on an unknown date.  On March 26, 1987, he was convicted of conspiracy, possession of drugs on vessels, importing controlled substances, possession of controlled substance with intent to distribute, and using a communication facility in a drug offense in violation of 21 U.S.C.  §§ 841(a)(1), 843(b),

2

846, 955, and 952(a)(1988). He was then taken into DHS/ICE custody for removal proceedings.

On December 2, 2003, an Immigration Judge (IJ) found petitioner subject to removal and ineligible for relief from removal to Colombia. On February 9, 2004, the Bureau of Immigration Appeals (BIA) dismissed petitioner's appeal of the IJ's decision.

Petitioner filed the instant petition on July 12, 2007. He seeks judicial review of the removal order and asks this court to grant his petition for *habeas corpus* and order his immediate release from custody. [Doc. 1-1].

## *Law and Analysis*

### *Jurisdiction*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order. On May 11, 2005, the President signed into law the "REAL ID Act of 2005." (See Pub.L.No.109-13, Div. B, 119 Stat. 231.) Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with §242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005. See § 106(b).

---

[1] Section 106(a)(1)(A)(iii) of the Act added the following language to INA §242(a): "(5)EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)."

3

It is therefore clear that this court lacks jurisdiction to consider this *habeas corpus* petition which challenges petitioner's order of removal. Finally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[2]  Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* [Docs. 1-1 & 4] be **DENIED** and **DISMISSED** for lack of jurisdiction.[3]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[2] Section 106(c) of the Real ID Act provides: (c) TRANSFER OF CASES. – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

**conclusions accepted by the District Court, except upon grounds of plain error.** See

*Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

      Signed at Lafayette, Louisiana, on August 20, 2007**.**

/s/ Mildred E. Methvin
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)